IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

RODNEY M. O'BAY,

        Plaintiff,           CV-10-1309-ST

    v.           FINDINGS AND RECOMMENDATION

UNITED STATES OF AMERICA,

        Defendant.

STEWART, Magistrate Judge:

## INTRODUCTION

Plaintiff, Rodney M. O'Bay, appearing *pro se*, alleges claims against the United States of America for fraud and breach of contract based on the conduct of the Department of Veterans' Affairs in failing to provide appropriate vocational rehabilitation services to him. He has filed an application to proceed *in forma pauperis* (docket #1). Because his application for *in forma pauperis* reveals that he cannot afford the costs of this proceeding, it should be granted.

1 - FINDINGS AND RECOMMENDATION

However, for the reasons set forth below, the Complaint should be dismissed for lack of subject matter jurisdiction.

## STANDARDS

Federal courts are courts of limited jurisdiction, and a case is presumed to fall outside a federal court's jurisdiction unless proven otherwise. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 US 375, 377 (1994). A district court is empowered to hear only those cases which are within the judicial power conferred by the United States Constitution and those which fall within the area of jurisdiction granted by Congress. *Richardson v. United States*, 943 F2d 1107, 1112-13 (9th Cir 1991), *cert denied*, 503 US 936 (1992). Under Rule 12(h) of the Federal Rules of Civil Procedure, this court is required to dismiss an action "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter." *Augustine v. United States*, 704 F2d 1074, 1077 (9th Cir 1983).

## FINDINGS

I. **Fraud Claim**

The United States enjoys complete immunity from suits by its citizens unless it waives that immunity. *United States v. Mitchell*, 445 US 535, 538 (1980). The United States must expressly and unambiguously waive its sovereign immunity before it may be subject to suit. *See United States v. Idaho ex rel Director, Idaho Dep't of Water Resources*, 508 US 1, 6 (1993). Such waivers must be construed narrowly. *United States Dep't of Energy v. Ohio*, 503 US 607, 615 (1992).

The United States has consented, and thereby waived its sovereign immunity, to be sued for tort claims under the Federal Tort Claims Act ("FTCA") which provides that:

> The United States shall be liable, respecting the provisions of this title
> relating to tort claims, in the same manner and to the same extent as a
> private individual under like circumstances, but shall not be liable for
> interest prior to judgment or for punitive damages.

28 USC § 2674.

The FTCA is the exclusive remedy for common law torts against federal government employees acting within the course and scope of their employment. 28 USC § 2679(b)(1). The FTCA also provides that:

> the district courts . . . shall have exclusive jurisdiction of civil actions on
> claims against the United States, for money damages . . . for injury or loss
> of property . . . caused by the negligent or wrongful act or omission of any
> employee of the Government while acting within the scope of his office or
> employment . . . .

28 USC § 1346(b)(1).

Plaintiff alleges in paragraph 17 that the United States has waived its sovereign immunity for the discretionary acts alleged in the Complaint. However, this allegation reveals a misunderstanding of the FTCA.

The FTCA only covers torts causing "injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 USC § 1346(b). These are often referred to as common law tort claims. The FTCA contains a number of exclusions for specific types of claims, including:

> (a) Any claim based upon an act or omission of an employee of the
> Government, exercising due care, in the execution of a statute or
> regulation, whether or not such statute or regulation be valid, or based
> upon the exercise or performance or the failure to exercise or perform a
> discretionary function or duty on the part of a federal agency or an

3 - FINDINGS AND RECOMMENDATION

> employee of the Government, whether or not the discretion involved be abused.
> . . .
> (h) Any claim arising out of . . . false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights . . . .

28 USC § 2680.

For a claim falling within any of these exclusions from the FTCA, the United States has *not* waived its sovereign immunity. Accordingly, the United States has *not* waived its sovereign immunity as to any tort committed by government officials while performing a discretionary function or as to any claim arising out of deceit, such as fraud. Thus, under the FTCA, plaintiff cannot sue the United States based on those torts by employees of the Department of Veterans' Affairs.

## II.     **Breach of Contract Claim**

In his prayer, plaintiff also seeks damages for breach of contract. However, to the extent he seeks to bring a claim against the United States for breach of contract, "[t]he Court of Claims has exclusive jurisdiction over contract actions against the United States where the amount in controversy exceeds $10,000.00." *Lee v. Blumenthal*, 588 F2d 1281, 1282 (9th Cir 1979); *see also*, *Spectrum Leasing Corp. v. United States*, 764 F2d 891, 895 n8 (DC Cir 1985) (citing cases, including *Lee*, and noting that "most federal courts have stated that the Claims Court's jurisdiction over non-tort claims against the government in excess of $10,000 is exclusive"). It is entirely unclear what contract plaintiff alleges was breached by the various employees of the Vocational Rehabilitation and Employment Division of the Department of Veterans' Affairs. Nevertheless, he seeks $1.5 million in damages for that breach of contract. His remedy, if any,

for the breach of contract claim lies exclusively in the jurisdiction of the United States Court of Federal Claims.

## RECOMMENDATION

Based on the foregoing, plaintiff's application to proceed *in forma pauperis* (docket #1) should be granted, but the Complaint (docket #2) should be DISMISSED.  Since this court can conceive of no amendment to cure the jurisdictional defect, the Complaint should be dismissed with prejudice.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge.  Objections, if any, are due November 15, 2010.  If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections.  When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

## NOTICE

This Findings and Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any Notice of Appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of a judgment.

DATED this 27th day of October, 2010.

                                          s/  Janice M. Stewart_____
                                          Janice M. Stewart
                                          United States Magistrate Judge